**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| BARBARA STUART ROBINSON,<br><br>            Plaintiff,<br><br>vs.<br><br>CITY OF LAS VEGAS,<br><br>            Defendant. | Case No. 2:22-cv-00174-APG-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 5); COMPLAINT (ECF NO. 1-1) |

Pro se plaintiff Barbara Stuart Robinson filed a new application to proceed in forma pauperis (IFP) on the long form and a proposed complaint ECF Nos. 5 and 1-1. I grant Robinson's IFP application. ECF No. 5. I dismiss plaintiff's complaint without prejudice. ECF No. 1-1.

## DISCUSSION

Plaintiff's filings present two questions: (1) whether Robinson may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether Robinson's complaint states a plausible claim for relief.

**I.      Whether Robinson May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." I previously denied plaintiff's first IFP application. ECF No. 3. I found that it, "appear[ed] that plaintiff is concealing information about her household income" because she swore under penalty of perjury that she had no income, no property, and no bills, even though she listed a P.O. Box as her address, with no explanation regarding how she pays for the P.O. Box. *Id.* at 3.

Plaintiff now states under penalty of perjury that she that she made a little over $1,200 in January 2022 working for Door Dash and Uber Eats. ECF No. 5 at 2. She also states that she has a "Fixer" home that is 3 bedrooms and 1 bath that is somehow only worth $2,500. *Id.* She also alleges that she does not own a vehicle, despite her claims that she delivers food for Door Dash and Uber Eats. *Id.* This directly contradicts plaintiff's first IFP application where she swore she had no income. ECF No. 1. I reluctantly grant plaintiff's IFP application, however, because when I reviewed her complaint, she appears to allege that she is homeless and lives at the Las Vegas Court Yard (though these allegations are vague).

**II.     Whether Robinson's Complaint States a Plausible Claim**

  **a.     Legal Standard**

Because the Court grants Robinson's application to proceed in forma pauperis, it must review Robinson's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff

should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; e.g., *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.S. § 1331. To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). *Habacon v. Emerald Grande*, LLC, No. 2:19-cv-00165-MMD-PAL, 2019 U.S. Dist. LEXIS 63163, at 3-4 (D. Nev. Apr. 12, 2019).

"To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). "[A] person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely.'" *Id.* at 749-50 (quoting *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940)).

Domicile is determined based on objective factors, no single one of which is controlling, including: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew*, 797 F.2d at 750. Courts are to evaluate domicile based on "objective facts," and "statements of intent are entitled to little weight when in conflict with facts." *Lew*, 797 F.2d at 750. Per Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." *Id.* (quoting *Mack*

*v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986)).

### b.     Complaint

Plaintiff's complaint is jumbled and difficult to follow. It appears that she brings claims against the City of Las Vegas for racial discrimination in violation of the Civil Rights Act, "37 US Code 6711[1]," and "U.S. Code Title 42, Chapter 21.[2]" ECF No. 1-1. She also brings claims for limitation of competition in violation of NRS 268.081, assault, distress, and public embarrassment. *Id.* Although plaintiff does not cite to it, I will liberally construe plaintiff's complaint, given her assault claim, as an attempt to file a civil rights complaint under 42 U.S.C. section 1983. See *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

She alleges that the City of Las Vegas is working with a non-profit called, "Chicanos Por la Causa" to manage the City Court Yard for the homeless, which means that, "Mexicans, or Hispanics whom all share the same race are given better services and favoritism" over plaintiff, "whom is Negro, Black and not Chicano." *Id.* at 2. She alleges that, "[t]he Plaintiff whom is black reported she was assaulted by a Female who happened to be Mexican or Chicano, at City Court Yard managed by Chicanos Por la Causa[.]"

### a.     Section 1983

To state a claim under 42 U.S.C.S. Section 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986). Section 1983 "does not create

---

[1] Even construed liberally, this does not appear to be a proper citation or claim. Title 37. Pay and allowances of the Uniformed Services (§§ 101 — 1015) does not apply here.

[2] Similarly, plaintiffs' claim that the City of Las Vegas violated "U.S. Code Title 42, Chapter 21," is not a cognizable claim. Chapter 21 of Title 42 of the United States Code contains actionable statutes, e.g., 42 U.S.C. §§ 1981, 1983, 2000a, 2000d, etc., however, "Chapter 21" is not a statute that regulates or prohibits any kind of conduct.

any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Municipalities may not be held liable on a respondeat superior theory under Section 1983. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A municipal entity may be liable when its "policy or custom...inflicts the injury." *Id.* at 694. Municipalities and other local government units are included in that group of "persons" referred to in Section 1983. *Id.* A complaint must allege "that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). A single act by a non-policymaking official does not show the existence of a policy, custom, or practice. *Rivera v. Cty. of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014). "[O]nly if a plaintiff shows that his injury resulted from 'permanent and well settled' practice may liability attach for injury resulting from a local government custom." *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000).

Plaintiff alleges that someone at the Court Yard assaulted her but she has not alleged any policy or custom of the City of Las Vegas that violated her constitutional rights. There is no respondeat superior liability of a governmental entity in a civil rights action brought pursuant to 42 U.S.C. section 1983. *Monell*, 436 U.S. at 691; accord *Fogel v. Collins*, 531 F.3d 824, 834 (9th Cir. 2008). If a governmental entity employs an individual, that does not subject that entity to vicarious liability for the acts of its employees.[3] Since the City of Las Vegas is the sole defendant, this claim must be dismissed.

      **c.**      **Racial Discrimination Claim**

"Title VI of the Civil Rights Act of 1964 provides that no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

---

[3] It is unclear if the person she alleges assaulted her is an employee of the City of Las Vegas.

*Rashdan v. Geissberger*, 764 F.3d 1179, 1181 (9th Cir. 2014), citing to 42 U.S.C.S. § 2000d. Alleging racial discrimination requires the complaint to plead facts supporting a reasonable inference that defendants' purported misconduct was racially motivated. See *Marks v. Santa Rosa City Sch.*, 748 Fed. Appx. 159, 160 (9th Cir. 2019).

Plaintiff alleges someone "Mexican" or "Hispanic" assaulted her at the Court Yard. She also broadly alleges that City of Las Vegas provides better services to people of Chicano background over people who are Black because of its partnership with Chicanos Por la Causa. Plaintiffs allegations are speculative. She alleges that a Hispanic person assaulted her and that she feels that people with Chicano backgrounds receive better services, but she fails to allege facts that show that the City of Las Vegas discriminated against her because she is African American. I dismiss this claim without prejudice. If plaintiff chooses to amend, she must plead facts raising a plausible race-discrimination claim against the City of Las Vegas and not merely rely on her subjective beliefs.

### d. State Law Claims

Plaintiff brings her case under federal question jurisdiction so her state law claims must be dismissed. I also doubt that plaintiff can show that this Court should take diversity jurisdiction over her claims. She states in her IFP application that she lives in Los Angeles half the year, and Las Vegas the other half of the year: it sounds like her complaint revolves around incidents that occurred while she was homeless and living in Las Vegas at the Court Yard (but given how vague her allegations are, that is also unclear). On the flip side, if plaintiff is not homeless and lives in the home she mentions in her IFP application, she probably does not have standing to pursue racial discrimination claims regarding the services provided at a homeless shelter if she is not a recipient of those services. The *Lew* factors weigh in favor of there being no diversity jurisdiction here if she is living in Las Vegas. If plaintiff amends and shows that this Court has either federal question or diversity jurisdiction over her claims, I will screen

her state law claims at that time.

### e. Caution to the Plaintiff Regarding Vexatious Litigation

Plaintiff has been declared a vexatious litigant in the Washington Western District Court. See *Robinson v. Tacoma Cmty. Coll.,* No. C11-5151BHS, 2011 U.S. Dist. LEXIS 140641, at 1 (W.D. Wash. Dec. 7, 2011) (listing cases). Plaintiff has also filed many cases that have been dismissed for failure to state a claim in other courts (including in California and Arizona) over the years. These cases are too numerous to list here but are easy to find via a search of the public record. Although she has not been deemed a vexatious litigant in this Court, I am troubled by her history of vexatious litigation and the fact that she has already provided conflicting facts under penalty of perjury in her two IFP applications. I warn plaintiff that if she amends, she must be truthful and have a good faith basis for her claims. I will not hesitate to sanction plaintiff if (1) she provides any other statements to the Court that I find to be false or (2) I discover that plaintiff is vexatiously filing duplicative motions or filings in this Court.

ACCORDINGLY,

I ORDER that Robinson's application to proceed in forma pauperis (ECF No. 5) is GRANTED.

I FURTHER ORDER that Robinson's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

I FURTHER ORDERED that Robinson has until Monday, April 4, 2022, to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal.

I FURTHER ORDER that if plaintiff files an amended complaint, the Clerk of the Court is directed NOT to issue summons on the amended complaint. I will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).

I CAUTION plaintiff that providing false statements or filing duplicative and/or frivolous papers in this Court may result in adverse consequences, including possible sanctions or a finding that she is a vexatious litigant.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 4th day of March 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE