# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

BARBARA STUART ROBINSON,

        Plaintiff,

vs.

CITY OF LAS VEGAS,

        Defendant.

Case No. 2:22-cv-00174-ART-VCF

**ORDER**

MOTION FOR REFUND OF FILING FEE (ECF NO. 13)

      Pro se plaintiff Barbara Stuart Robinson filed a motion for a refund of her filing fee. ECF No. 13. I deny her motion. *Id*.

      I initially denied plaintiff's in forma pauperis (IFP) application without prejudice because I found that it appeared that she was concealing information about her household income. ECF No. 3 at 3. For example, under penalty of perjury, she swore she had no income, no property, and no money in the bank. *Id*. She also stated that the questions about her housing, property, and bills were not applicable to her. *Id*. I also noted that she lists her address as a P.O. Box, but she provides no explanation regarding how she pays for her P.O. Box considering that she swore she had no bills. *Id*. I gave plaintiff a chance to file an updated IFP application.

      Plaintiff filed an updated IFP application, which "I reluctantly grant[ed]" given that her new application:

> states under penalty of perjury that she she made a little over $1,200 in January 2022 working for Door Dash and Uber Eats. ECF No. 5 at 2. She also states that she has a

"Fixer" home that is 3 bedrooms and 1 bath that is somehow only worth $2,500. Id. She also alleges that she does not own a vehicle, despite her claims that she delivers food for Door Dash and Uber Eats. *Id*. **This directly contradicts plaintiff's first IF application where she swore she had no income.**

ECF No. 6 at 2 (emphasis added).

After I reluctantly granted her IFP application, I screened her complaint, and dismissed it without prejudice, with leave to refile. *Id*. I also noted in my order that, "[p]laintiff has been declared a vexatious litigant in the Washington Western District Court" and "has also filed many cases that have been dismissed for failure to state a claim in other courts (including in California and Arizona) over the years." *Id*. I also cautioned plaintiff that,

> Although she has not been deemed a vexatious litigant in this Court, I am troubled by her history of vexatious litigation and the fact that she has already provided conflicting facts under penalty of perjury in her two IFP applications…I will not hesitate to sanction plaintiff if (1) she provides any other statements to the Court that I find to be false or (2) I discover that plaintiff is vexatiously filing duplicative motions or filings in this Court.

*Id*. at 7.

After I issued my order, plaintiff then paid the filing fee in full. ECF No. 8. I find that plaintiff's ability to pay the filing fee after I issued my screening order demonstrates that she could afford to pay the filing fee, and that she lied under penalty of perjury about her finances to obtain IFP status. Plaintiff either lied in her first application, or she lied in the second one, since they directly contradict each other, and they cannot both be true. Although I noted this contradiction in my previous order, I gave plaintiff the benefit of the doubt. Plaintiff has now shown that she had the means to pay the filing fee all along.

Since plaintiff paid the filing fee, I did not screen her amended complaint and I ordered summons to be issued. ECF No. 9. After my order allowing her case to proceed without further screening, she filed the instant motion for a refund of her filing fees. Her actions appear to be gamesmanship to avoid further screening, while still being able to proceed without paying the filing fee. Given this record, and plaintiff's false statements under penalty of perjury, I deny her motion for a refund. I also revoke her IFP status and vacate my order granting her IFP status. Plaintiff will not be prejudiced because she already paid the filing fee. My order here is also not dispositive as she may still proceed with her case.

ACCORDINGLY,

I ORDER that Robinson's motion for a refund of her filing fees (ECF No. 13) is DENIED.

I FURTHER ORDER that Robinson's IFP status is REVOKED and that the previous portion of my order granting her IFP status (ECF No. 6) is VACATED.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any

3

change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 19th day of April 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE